IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50495
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNEL RUIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-138-ALL-EP
--------------------
March 10, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bernel Ruiz appeals his guilty-plea conviction and 204-month sentence for possession with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a), and using and carrying a firearm in relation to the possession with the intent to distribute of more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 924(c). Ruiz argues, for the first time on appeal, that the district court failed to comply with Rule 11(c)(1) in the following manner: 1) by not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informing him, when notifying him of the charges against him, of the drug quantity involved; 2) by failing to discuss the possibility of a departure from the applicable sentencing guidelines range; and 3) by not describing in detail the effects of supervised release.

Because Ruiz's arguments are raised for the first time on appeal, review is for plain error only. See United States v. Vonn, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002). This court may correct forfeited errors only when the appellant shows: (1) that there is an error, (2) which is clear or obvious, and (3) which affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). This court will find that a "substantial right" has been violated only if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." United States v. Johnson, 1 F.3d at 302. The "reviewing court may consult the whole record when considering the effect of any error on substantial rights." Vonn, 122 S. Ct. at 1046.

Ruiz's argument that the district court's failure to advise him of the drug quantity involved invalidates his plea is without merit given that the record establishes that he knew and understood the quantity of drugs involved, as it was set forth in both counts of the indictment and in the factual basis for his

written plea agreement.  See Johnson, 1 F.3d at 302; see also Vonn, 122 S. Ct. at 1046.  The district court's failure to advise Ruiz regarding the application of the sentencing guidelines, specifically, the possibility of departures from the guidelines range, is also not grounds for reversal.  The plea agreement offered Ruiz the possibility of a downward departure for substantial assistance, pursuant to U.S.S.G. § 5K1.1, and reserved his right to appeal any upward departure, making him aware of the possibility for departures.  Moreover, no upward departure was in fact imposed; Ruiz was sentenced to the statutory minimum he was aware he faced, and he thus cannot show that the district court's omission affected his substantial rights.  See Johnson, 1 F.3d at 302; see also United States v. Cuevas-Adrade, 232 F.3d 440, 444-45 (5th Cir. 2000).

Ruiz's contention that the district court's failure to explain the consequences of supervised release invalidates his plea is similarly unavailing.  Although the district court did not specifically advise Ruiz that he could be sentenced, upon revocation, to the full term of supervised release imposed, the omission did not affect Ruiz's substantial rights because Ruiz was informed and understood that he could have received a maximum prison term of life and because that term exceeds both his aggregate period of incarceration and his "worst-case scenario." See Cuevas-Adrade, 232 F.3d at 444.

Ruiz has not demonstrated that any Rule 11 variance by the district court constituted plain error.  Accordingly, the district court's judgment is AFFIRMED.